## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

2021 NORTH LE MANS, LLC AND
DONALD E. PHILLIPS,

      Plaintiffs,

vs.

FIFTH THIRD BANK,

      Defendant

_____/

Case No.:    **10004660**

## DIVISION G

RECEIVED AND FILED

MAR - 1 2010

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

### COMPLAINT

**COME NOW**, the Plaintiffs, 2021 North Le Mans, LLC and Donald E. Phillips (collectively "Plaintiffs" or "borrowers"), by and through undersigned counsel and file this Complaint against Defendant Fifth Third Bank, and allege the following:

### INTRODUCTION

1.    Plaintiffs bring claims against Defendant for predatory lending practices surrounding the financing of the Le Mans Apartments Project, and Defendant's actions and inactions that are inferring with the relationship with the other participating lenders.

2.    Plaintiffs bring claims against Defendant, Fifth Third Bank, including but not limited to: (1) violation of Florida Statute Sections 687.071(2) (usury); (2) breach of the duty of good faith and fair dealing; (3) breach of fiduciary duty; and (4) constructive fraud.

### JURISDICTION AND VENUE

3.    This is an action which exceeds $15,000 in damages excluding interest, costs and attorneys fees.

4.    Venue is proper because a substantial amount of the actions described in this Complaint took place in Hillsborough County, Florida.

## PARTIES

5.    Plaintiff 2021 North Le Mans, LLC, is a limited liability company organized and existing under the laws of the State of Florida doing business in Hillsborough County, Florida.

6.    Plaintiff Donald E. Phillips, is a resident of Hillsborough County, Florida.

7.    Defendant Fifth Third Bank is a U.S. regional banking corporation, headquartered in Cincinnati, Ohio that conducts business and banking operations in the State of Florida and Hillsborough County.

## FACTUAL ALLEGATIONS

8.    Plaintiffs bring claims against Defendant Fifth Third Bank for predatory lending practices surrounding the financing of the Le Mans Apartments Project, located in Tampa, Hillsborough County, Florida.

9.    This was not an at arms length transaction of the typical bank customer and lender.

10.    Defendant Fifth Third Bank engaged in atypical and irregular banking practices and failed to follow its own internal procedures regarding the solicitation, underwriting, closing and funding of these loans.

11.    On August 16, 2007, based on Defendant Fifth Third Bank's representations and their position of trust and confidence, 2021 North Le Mans, LLC, closed an interest only loan with Fifth Third Bank for fifty-five million, three hundred thousand dollars ($55,300,000.00) for an interest rate of floating 30 day LIBOR plus 2.0% for the development project at Le Mans Apartments, located in Tampa, Hillsborough County, Florida.

2

12. This loan had a maturity date of August 16, 2010.

13. Plaintiff Donald E. Phillips is a guarantor of this loan.

14. Fifth Third Bank is the lead bank, but there are two other participating banks involved in this loan: US Bank and Compus Bank.

15. The original loan was supposed to be for sixty million dollars ($60,000,000.00), but Fifth Third Bank made a last minute change before closing after all parties had spent substantial sums in preparing for the closing, changing the loan amount to $55,300,000.00.

16. This last minute change caused substantial commercial duress for the parties involved.

17. Fifth Third Bank used this last minute change to re-negotiate several contractual provisions; specifically, the reduction of an interest reserve (without the consent of the other two participating banks), as well as coercing Plaintiffs into entering a SWAP agreement regarding interest rates that covered the entire loan amount but unfairly favored Fifth Third Bank over the other two participating banks.

18. Additionally, as a condition of the loans, Defendant unlawfully coerced Plaintiffs into entering into a 50% transaction with Fifth Third Bank's derivatives department.

19. The actions and inactions of Fifth Third Bank, by and through its agents acting within the scope of their agency, have negatively affected the relationship between Plaintiffs and all the participating banks involved in this loan.

20. The total loan is $55.3mm with a single note for $55.3mm secured by the 2021 North Le Mans real estate (including the parcels that make up International Drive and North Le Mans Boulevard.)

3

21. The $55.3mm loan was led by 5th 3rd Bank and had two participants (Compass Bank and US Bank) and the three banks divided the loan in the following manner:

   a. Fifth Third Bank lent $25.3mm

   b. Compass Bank lent $15.0mm, and

   c. US Bank lent $15.0mm.

22. Upon information and belief, Fifth Third Bank earned the normal interest rate, the default interest rate as of May 2009, the SWAP interest rate, the default interest rate on the SWAP, is seeking $5,000,000 in settlement costs from the borrower for settlement of the SWAP with Melon Bank and ½ point commitment fees.

23. The total interest rate charged by Fifth Third Bank exceeds the legal rate on their $25,300,000.00 share of the $55,300,000.00 total loan.

24. The actions and inactions of Fifth Third Bank, by and through its agents acting within the scope of their agency, has caused and continues to cause substantial economic harm to Plaintiffs and the other participating banks involved in this loan, as well as causing substantial economic harm by interfering with Plaintiffs relationship with other banks involved in other deals.

25. All conditions precedent to the filing of this action have occurred, been satisfied or have been waived.

## COUNT ONE
### FLORIDA STATUTE § 687.02(1), §687.071(2) (USURY)

26. Plaintiffs reallege paragraphs 1 through 25 as though fully set forth herein.

27. This is an action for damages against Fifth Third Bank for usury.

4

28.    There are four essential elements of a usurious transaction: an express or implied loan; a repayment requirement; an agreement to pay interest in excess of the legal rate; and a corrupt intent to take more than the legal rate for the money loaned.

29.    Courts look to the substance of the transaction to determine whether a transaction is usurious. That is, a finding of usury depends on the intent and understanding of the parties.

30.    A key issue is the liability of the borrower under the contract's terms, or what may be demanded of a borrower, rather than what is demanded of him.

31.    There was an express or implied loan for an amount over $500,000.00.

32.    As part of this loan, there was a repayment requirement.

33.    As described above, this repayment requirement agreement requires Plaintiffs to pay interest in excess of the legal rate of 25%. See § 687.02(1), §687.071(2).

34.    Defendant's conduct is criminally actionable as a misdemeanor. See §687.071(2).

35.    Even if the subject notes on their face are for legal rate of interest only, there was a corrupt device to cover usury that was in the full contemplation of the Defendant.

36.    Plaintiffs have been damaged as a direct and proximate result of Fifth Third Bank's actions in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand this Court rescind the contract; and enter a judgment for damages against Fifth Third Bank plus interest, court costs and attorney fees, and all other relief the Court deems just.

## COUNT TWO
## BREACH OF GOOD FAITH AND FAIR DEALING

37.    Plaintiffs reallege paragraphs 1 through 25 as though fully set forth herein.

38.    This is an action for damages against Fifth Third Bank for breach of the implied covenant of good faith and fair dealing.

5

39. Fifth Third Bank breached its duty of good faith and fair dealing with Plaintiffs

by:

a. Fifth Third Bank using the last minute change in loan amounts to re-negotiate the contractual provisions regarding the reduction of an interest reserve (without the consent of the other two participating banks);

b. Fifth Third Bank using the last minute change in loan amounts to coerce Plaintiffs into entering a SWAP agreement regarding interest rates that covered the entire loan amount but unfairly favored Fifth Third Bank over the other two participating banks;

c. Fifth Third Bank unlawfully coerced Plaintiffs into entering into a 50% transaction with Fifth Third Bank's derivatives department;

d. Fifth Third Bank interfering with Plaintiffs relationships with other participating lenders;

e. Charging a usury interest rate; and

f. Committing these and other predatory lending practices.

40. Plaintiffs have been damaged as a direct and proximate result of Fifth Third Bank's breach in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand this Court rescind the contract; and enter a judgment for damages against Fifth Third Bank plus interest, court costs and attorney fees, and all other relief the Court deems just.

## COUNT THREE
## BREACH OF FIDUCIARY DUTY

41. Plaintiffs reallege paragraphs 1 through 25 as though fully set forth herein.

42. Fifth Third Bank's agents were trained sales agents hired to market banking products and work with borrowers during the loan application process. Without the bank's resources and training, Fifth Third Bank's agents could not have defrauded Plaintiffs. All representations by Fifth Third Bank's agents were made within the scope of their agency.

43.    To demonstrate a breach of fiduciary duty, it must be shown that influence by one party was acquired and abused to the detriment of another party.   The term "fiduciary or confidential relation" is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused - in which confidence has been reposed and betrayed. The origin of the confidence is immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist wherever one man trusts in and relies upon another.

44.    Fifth Third Bank's agent encouraged and developed a fiduciary relationship with Plaintiffs.

45.    Fifth Third Bank's agent breached this fiduciary relationship by:

a.    Fifth Third Bank using the last minute change in loan amounts to re-negotiate the contractual provisions regarding the reduction of an interest reserve (without the consent of the other two participating banks);

b.    Fifth Third Bank using the last minute change in loan amounts to coerced Plaintiffs into entering a SWAP agreement regarding interest rates that covers the entire loan amount but unfairly favored Fifth Third Bank over the other two participating banks;

c.    Fifth Third Bank unlawfully coerced Plaintiffs into entering into a 50% transaction with Fifth Third Bank's derivatives department;

d.    Fifth Third Bank interfering with Plaintiffs relationships with other participating lenders;

e.    Charging a usury interest rate; and

f.    Committing these and other predatory lending practices.

46.    Fifth Third Bank's agents' breaching of its fiduciary duties was the direct and proximate cause of Plaintiffs' injuries, and Plaintiffs have been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand this Court rescind the contract; and enter a judgment for damages against Fifth Third Bank plus interest, court costs and attorney fees, and all other relief the Court deems just.

## COUNT FOUR
## CONSTRUCTIVE FRAUD

47.     Plaintiffs reallege paragraphs 1 through 36 as though fully set forth herein.

48.     Fifth Third Bank's agents were trained sales agents hired to market banking products and work with borrowers during the loan application process. Without the bank's resources and training, Fifth Third Bank's agents could not have defrauded Plaintiffs. All representations by Fifth Third Bank's agents were made within the scope of their agency.

49.     Constructive fraud occurs when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken. Constructive fraud may be based on a misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party. Constructive fraud is possible even in the absence of intent to deceive.

50.     Fifth Third Bank's agents had a duty under a confidential or fiduciary relationship that was abused or, alternatively, Fifth Third Bank has taken an unconscionable advantage of Plaintiffs.

51.     Fifth Third Bank's agent made numerous false statements concerning material facts including, but not limited to, the loan amounts, the interest reserve, and the nature of and effect of the SWAP agreement.

52.     At the time that Fifth Third Bank's agent made the misrepresentations to Plaintiffs, Fifth Third Bank knew, or should have known, that the representation was false due to

8

Fifth Third Bank's superior insider knowledge of the processing of the Plaintiffs' loan and Fifth Third Bank was in a better position to ascertain the truth of these statements than Plaintiffs.

53. Fifth Third Bank made the statements to Plaintiffs with the intent of inducing Plaintiffs to act.

54. Plaintiffs accepted the statements of Fifth Third Bank's agents and, thereby, justifiably, reasonably and detrimentally relied upon Fifth Third Bank's misrepresentations.

55. Fifth Third Bank's misrepresentations were the direct and proximate cause of Plaintiffs' injuries including, but not limited to, substantial economic harm that will be proven at trial.

WHEREFORE, Plaintiffs demand this Court rescind the contract; and enter a judgment for damages against Fifth Third Bank plus interest, court costs and attorney fees, and all other relief the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on any claims so triable.

DATED this 1st day of March, 2010.

Respectfully submitted,

JESSE L. RAY
Florida Bar #: 0919101
JESSE LEE RAY ATTORNEY AT LAW, P.A.
13014 N. Dale Mabry Hwy. #315
Tampa, Florida 33618-2808
Telephone: (813) 443-9701
Facsimile: (866) 523-5468
jray@jesseleeray.com

Attorney for Plaintiffs

9