UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2021 NORTH LE MANS, LLC, and
DONALD E. PHILLIPS,

    Plaintiffs,

v.                                                                                     CASE NO.: 8:10-cv-655-T-23TGW

FIFTH THIRD BANK,

    Defendant.
_____/

## ORDER

       The parties stipulate (Docs. 46, 48) to (1) dismissal with prejudice of the plaintiff Donald Phillips' claim against the defendant Fifth Third Bank and (2) entry of a "foreclosure judgment" on count one of the counterclaim (Doc. 5). Additionally, the parties submit a "stipulated motion" (Doc. 47) that requests an order approving both a "stipulation regarding waiver of defenses, consent order appointing receiver, and consent to final judgment of foreclosure on complaint" and the parties' settlement agreement.

       The stipulated motion (Doc. 47) is **GRANTED IN PART**, and the stipulation (Doc. 47-1) is **APPROVED IN PART**, to the extent that the parties seek entry of a foreclosure judgment, an order directing the Marshal to conduct a foreclosure sale on October 15, 2010 (or at a time requested by Fifth Third Bank), and the court's reserving jurisdiction to appoint a receiver upon motion of the parties. Pursuant to Rule 41(a),

Federal Rules of Civil Procedure, the stipulation of dismissal with prejudice as to Phillips' claim (Doc. 46) is **APPROVED** and Phillips' claim (Doc. 1) against the defendant is **DISMISSED WITH PREJUDICE**.  The motion (Doc. 48) for entry of a "foreclosure judgment" as to count one of the counterclaim (Doc. 5) is **GRANTED**.  Accordingly, it is **ORDERED** that:

1.  The Clerk enter a judgment in favor of the counter claimant (the "lender") and against the counter defendants (the "borrower") on count one of the counterclaim (Doc. 5).

2.  The lender holds valid mortgage liens on the collateral (described in exhibits A and B, which are attached to this order) as security for payment of the amount specified in paragraph three.  Each lien is superior to any right, title, interest, estate, or claim of either the borrower or any representative or assignee of the borrower.

3.  As of June 1, 2010, the borrower owes the lender (1) $5,093,286.21 (plus $681.30 in per diem interest accruing since June 2, 2010) under the Swap Agreement, which amount includes both a $4,905,907.79 termination fee and $187,378.42 in interest (accruing at a rate specified in the Swap Agreement); (2) $56,435,518.47 under the loan documents (plus $3,496.23 in per diem non-default interest accruing since June 2, 2010), which amount includes $55,260,320.89 in principal; $1,125,197.58 in interest (accruing since August 3, 2009, at the thirty-day London Interbank Offered Rate ("LIBOR") plus two percent); and $50,000.00 in stipulated legal fees; and (3) interest (accruing at the

incremental default rate for the principal loan balance) under the loan documents through the date of a foreclosure sale and any additional attorneys' fee, charge, or other expense.

4. The United States Marshal (the "Marshal") for the Middle District of Florida shall offer, in accord with 28 U.S.C. §§ 2001-02, the collateral for public sale for cash to the highest bidder at the George E. Edgecomb Building, 800 East Twiggs Street, Tampa, Florida 33602, during the legal hours of sale and at a date and time determined by the Marshal upon the written request of the lender. The Marshal shall advertise the time and place of the sale in accord with 28 U.S.C. § 2002 by publishing a notice of sale in at least one newspaper regularly issued and of general circulation in Hillsborough County once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days before the date of sale.

5. The lender may purchase the collateral at the sale. If the lender is the purchaser, the Marshal shall credit the lender's bid with the total amount due to the lender (as described in paragraph three), which amount includes any interest, attorneys' fee, or cost incurred by the lender after entry of this order. If the lender is not the purchaser at the sale, the lender may by motion seek reimbursement for any interest, reasonable attorneys' fee, or necessary cost from the proceeds of the sale, if sufficient.

6. The highest bidder for the collateral shall pay in accord with any state, county, or local law the cost of the documentary stamp and any recording fee. If a

successful bidder other than the lender fails to pay by the deadline established by the Marshal the entire amount bid, the lender may by motion filed within ten (10) days after the date of sale request that the court both vacate the sale and direct the Marshal to schedule another sale.

7. Upon the sale of the collateral, the Marshal shall file a report of sale, and the lender shall seek an order confirming the report of sale. Upon confirmation, and receipt of the full purchase price of the sale, the Marshal shall deliver a Marshal's deed to the purchaser. The confirmation of sale shall foreclose any interest, estate, claim, equity, or right of redemption in the collateral held by the borrower (or any entity or person claiming under or against the borrower since the filing of the notice of lis pendens).

9. Upon the confirmation of sale and delivery of the Marshal's deed to the purchaser, the Marshal shall distribute the proceeds of the sale in the following order:

    a. To the Marshal for any cost or expense incurred in connection with this the sale.

    b. To the lender, if the lender is not the purchaser at the sale, any amount owed to the lender and reduced to a judgment against the borrower.

    c. Any amount due under a receiver certificate issued by a duly-appointed receiver.

  d. The balance, if any, to the Clerk for deposit in the court registry. The Clerk shall within ten (10) days of the deposit notify the borrower so that the borrower may file a claim to the balance.

10. The lender may assign the lender's rights under this order by providing the Marshal with an assignment of the rights. The assignee may credit the assignee's bid with the amount owed to the lender as provided in paragraphs three and five of this order.

11. The address for the lender is 201 East Kennedy Boulevard, 18th Floor, Tampa, Florida, 33602. The address for borrower is 142 Platt Street, Tampa, Florida, 33606.

  The court retains jurisdiction to confirm the sale; to award a deficiency judgment, if proper; and to appoint a receiver, upon request of the parties. The Clerk is directed to (1) terminate any pending motion and (2) **ADMINISTRATIVELY CLOSE** the case.

  ORDERED in Tampa, Florida, on June 15, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE